State University of New York at Buffalo, Legal Assistance Program (R. Nils Olsen, Jr., of counsel), Buffalo, N.Y., for plaintiff.

**Shirley R. BIXLER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. Civ–85–353C.**

United States District Court, W.D. New York.

May 8, 1986.

Salvatore R. Martoche, U.S. Atty. (Jacqueline Stover, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

Plaintiff Shirley R. Bixler suffers from several physical ailments as well as emotional problems. She seeks a reversal of the final decision of the Secretary denying her disability insurance benefits. The Secretary has moved for a remand, claiming that, since this case involves a mental impairment, remand is mandated under Section 5(c)(1) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794.

The Reform Act was enacted on October 9, 1984. Section 5 of that Act, entitled "Moratorium on Mental Impairment Reviews," provided that the Secretary must revise the criteria for mental impairments in Appendix 1, subpart P, part 404, Title 20 of the Code of Federal Regulations. "The revised criteria and listings, alone and in combination with assessments of the residual functional capacity of the individuals involved, shall be designed to realistically

evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive work place environment" Section 5(a), Pub.L. 98–460. The new regulations were published August 28, 1985.

According to the Secretary, courts must remand all cases involving a determination that an individual is not disabled by reason of a mental impairment made after the passage of the Act and prior to the publication of the new regulations. In arriving at this conclusion, the Secretary relies on Section 5(c)(1) of the Reform Act, which provides:

Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made or held under title II or XVI of the Social Security Act after the date of the enactment of this Act and prior to the date on which revised criteria are established by regulation in accordance with subsection (a), and any determination that an individual is not under a disability by reason of a mental impairment made under or in accordance with title II or XVI of such Act in a reconsideration of, hearing on, review by the Appeals Council of, or judicial review of a decision rendered in any continuing eligibility review to which subsection (b)(1) applies shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.

Plaintiff applied for disability insurance benefits on May 27, 1983. On August 8, 1984, before the Reform Act was enacted, an Administrative Law Judge found plaintiff not disabled. The Appeals Council declined to review the ALJ's decision on January 11, 1985. Assuming without deciding that the Appeals Council's refusal to review the hearing officer's decision places plaintiff within the critical time period, I find that Section 5(c)(1) of the Reform Act does not require a remand.

The Secretary urges that the language "shall be redetermined by the Secretary" means that courts must remand all cases covered by Section 5 of the Reform Act for reconsideration. Nothing in the legislative history compels, or even necessarily supports, this interpretation (see H.R.Rep. No. 618, 98th Cong., 2nd Sess. 15 (1984), reprinted in [1984] U.S.Code Cong. & Ad. News 3038, 3052–53). With the exception of a policy statement issued November 21, 1985, by the Honorable Michael A. Telesca of this district, neither the parties nor this court have found cases interpreting Section 5(c)(1). Judge Telesca concluded that remand is optional, not mandatory, in mental impairment cases.

In an attempt to find support for her position, the Secretary analogizes Section 5(c)(1) to Section 2(d) of the Reform Act. The amendments in Section 2 of the Reform Act set a standard of review for termination of disability benefits. Section 2(d)(2) provides that, in actions pending on September 19, 1984 in which benefits were terminated without establishing medical improvement, "the court shall remand ... to the Secretary for review ...."

Congress's clear command to the courts to remand certain cases in Section 2(d)(2) of the Reform Act highlights the absence of any such command in Section 5(c)(1). In Section 5(c)(1), the Secretary is ordered to redetermine cases in which an individual has been found not to be disabled by reason of a mental impairment. However, once a plaintiff seeks judicial review, the court acquires jurisdiction of the action. Without explicit instruction from Congress, whether to retain jurisdiction or remand to the Secretary is the court's decision.

This interpretation is supported by the reasoning in Judge Telesca's policy statement. The old mental impairment listings are generally conceded to be less favorable to plaintiffs than the new regulations. If a plaintiff believes he is disabled even under the old standards, it would be inequitable to require a remand and force a plaintiff to

wait months or even years for relief. As Judge Telesca noted, if the plaintiff who chooses to proceed in court is not clearly disabled under the old regulations, the case may be remanded to the Secretary for reconsideration under the new regulations.

It would be particularly inequitable to require a remand in Shirley Bixler's case. Ms. Bixler first applied for benefits nearly three years ago. A remand would produce further delay. Additionally, while Ms. Bixler suffers from some emotional problems, it appears that the major portion of her claimed disability is due to physical impairments. Requiring remand in all cases involving both physical and mental impairments would be particularly unfair to plaintiffs.

This decision represents the policy for all cases involving mental impairments on my docket. Section 5(c)(1) of the Reform Act does not mandate automatic remand. While plaintiffs may agree to a remand, they will not be required to do so. The decision will turn on the merits of each case.

In the instant action, all briefs have focused on the remand issue; there has been no discussion of the merits. The government's motion for remand is denied. On or before June 27, 1986, the government shall file an appropriate motion for judgment on the pleadings, with a brief in support of the motion. Plaintiff shall respond by August 22, 1986. Oral argument will then be scheduled.

So ordered.